## Looms v. Standard Printing Company.

(Decided February 3, 1915.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

1. Landlord and Tenant—Lease—Covenant of—When Not An Option.
—A clause in a twenty-year lease which provides: "Party of the first part (lessor) is to make an allowance of fifteen hundred dollars ($1,500.00) out of the first year's rent; said sum to be expended in installing heating plant and in rearranging elevator (in leased premises)," was not a mere option granted the lessee, but a covenant whereby the lessor obligated himself to pay or allow the lessee that sum on the cost of installing the heating plant and rearranging the elevator.

2. Landlord and Tenant—Obligation Imposed Upon Lessee—What was a Sufficient Performance of.—As the above clause of the lease failed to fix the time for installing the heating plant and rearranging the elevator, it should be presumed that the parties contemplated that the work would be performed in a reasonable time and before the expiration of the first year of the lease. But where the lessee within a reasonable time and during the first year of the lease, substantially completed the work on the elevator and began work on the heating plant in time to have completed it in that year, but was forced into bankruptcy by his creditors before it could be completed; and the leasehold and all rights under the lease, together with other property of the lessee, was sold under the bankruptcy proceedings, and the purchaser

at such sale, with the knowledge of the lessor and without objection from him, completed the installation of the heating plant and the little work remaining to be done on the elevator; and in the meantime paid the lessor all rent on the leased premises as it accrued, with the understanding between them that such purchaser would upon the completion of the heating plant, claim and be allowed out of the rent going to the lessor as paid by the latter, the $1,500.00 on the cost of the elevator and heating plant; the lessor, under these circumstances, was properly held liable for the $1,500.00, although the installation of the heating plant was not completed until the second year of the lease.

BURNETT & BURNETT for appellant.

BURNETT, BATSON & CARY for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, George Looms, is the owner of a four-story building on First street, between Market and Jefferson, in the city of Louisville, which he, in May, 1910, leased for a term of twenty years from September 1, 1910, to the Globe Printing Company, at a rental of $2,000.00 per annum, payable in equal installments at the end of each month. This contract was reduced to writing and duly signed by the parties thereto. It contains the following clause:

"Party of the first part (appellant Looms) is to make an allowance of fifteen hundred dollars ($1,500.00) out of the first year's rent; said sum to be expended in installing heating plant and in rearranging elevator."

A portion of the premises was to be occupied by the lessor himself until December 1, 1910. The lessee, Globe Printing Company, an extensive printing concern, owning a large quantity of heavy machinery, began to move into the property early in September, 1910, but did not get all of its machinery therein until some time in the month of December. It was clearly understood between the parties to the contract that the elevator then in the building was inadequate for the use the Globe Printing Company would have to make of it, and that it would have to be enlarged and otherwise changed; also that a heating plant would be indispensably necessary to the Globe Printing Company's use of the leased premises. When the Globe Printing Company commenced to move into the property it at the same time began to take bids on the heating plant, but none of the bids immediately made were accepted, be-

cause they were thought to be excessive; and, in view of the fact that it would have been impossible to install the heating plant in time for the winter season, a large stove was used for heating the building during the winter following the removal of the Globe Printing Company therein. The situation as to the elevator, however, was different, and the Globe printing Company at once began its rearrangement, and by March 20, 1911, had so far progressed with the work on the elevator as to have expended $1,040.00 thereon and practically completed it.

On the date last mentioned the Globe Printing Company was adjudged a bankrupt and a receiver in bankruptcy appointed to take charge of all its property, including the leased premises. He at once had done the little work required to complete the elevator. Soon thereafter the receiver was elected trustee of the bankrupt and operated the plant as such until it, together with the leasehold in question and all rights thereunder, was sold to the appellee, Standard Printing Company. Prior to this sale the trustee in bankruptcy took up with the appellant, Looms, the matter of rent in arrears, and insisted upon withholding the rent then due the latter upon the leased premises until the $1,500.00 stipulated in the lease should be deducted, but shortly thereafter the referee in bankruptcy adjudged that the trustee pay the rent then in arrears and reserve all rights to the allowance of the $1,500.00 out of future rents. This adjustment of the matter made the lease more valuable to the trustee in selling the property. The lease, being an asset of the bankrupt's estate, was, by direction of the bankrupt court, sold to the appellee with the plant and other effects of the bankrupt on April 21, 1911. When the order of sale was made it was objected to by appellant for the reason thus stated in the pleading filed by him in the bankruptcy proceeding:

"George Looms objects to any allowance being made to the trustee herein, or the Globe Printing Company, in any amount, for costs of installing an elevator in the premises now occupied by said trustee, because, by the terms of the said lease, no allowance was to be made *until the heating plant had been installed and the elevator rearranged;* that the said lessee's contract to install said heating plant and rearrange the elevator *was an entirety contract* and said lessee was entitled to no compensation for same whatsoever until the *full contract* had been carried out and completed."

As by the sale the property and leasehold went into the hands of the appellee, Standard Printing Company, with the right to complete the heating plant and deduct the $1,500.00, the latter right constituted a valuable part of the consideration in the sale of the property. At the time of the sale the rearrangement of the elevator had been completed. Although appellee had moved into the property following its purchase in April, 1911, the trustee in bankruptcy paid to appellant the July and August rent, owing to the fact that, notwithstanding the sale, he continued as receiver to close up unfinished printing bids which had not been embraced in the sale. Immediately after appellee's purchase of the plant and leasehold it accepted a bid for the installation of the heating plant, and it was completed in the early fall and the heating plant put in operation in time for use during the winter of 1911. The installation of the heating plant appears to have cost $1,833.60, and the elevator $1,527.00, making the total cost of the heating plant and elevator $3,360.60. The heating plant and elevator constitute permanent improvements which increase the vendible value of the property at least as much as they cost.

After the completion of the heating plant appellee advised appellant of its purpose to withhold the rent due him on the building, as it accrued from month to month, until it received the $1,500.00 which the lease stipulated should be allowed out of the rent for installing the heating plant and rearranging the elevator. Thereupon appellant refused to allow the $1,500.00 to be so deducted from the rent, claiming a forfeiture of the lease, and threatened appellee with a forcible detainer proceeding for the possession of the leased premises, if not peaceably surrendered. To prevent the threatened forcible detainer proceedings appellee instituted an action in equity in the Jefferson Circuit Court, chancery branch, first division, asking an injunction; that it be given leave to pay into court all rents as due until the court could determine the rights of the parties; and finally asked that it be given a judgment against appellant for the $1,500.00. The case was transferred by the chancery court to the common pleas branch, second division, and on the trial in the latter court a jury was waived and the law and facts, by agreement of the parties, submitted to the court, which adjudged that ap-

pellee recover of appellant the $1,500.00 claimed in the petition, with interest thereon at the rate of six per cent. per annum from April 14, 1913, until paid, and its costs in the action expended. The court's written conclusions of law and fact appear in the record. The appellant, being dissatisfied with that judgment, by this appeal, seeks its reversal.

It is the contention of appellant, and such was the defense interposed by his answer that the clause of the lease under which appellee claims the allowance of $1,500.00 out of the rent of the leased premises to reimburse it, in part, for the cost of installing the heating plant and rearranging the elevator, does not constitute a contract or undertaking that obligates him to contribute that amount toward defraying the cost of these improvements, but that it is a mere option by which appellee's assignor, the Globe Printing Company, could have obtained a reduction of $1,500.00 out of the first year's rent, provided such option had been accepted by it and the work of installing the heating plant and rearranging the elevator performed within such year.

We do not think the language of the clause in question authorizes such a construction. It does not stipulate the time within which the heating plant should be installed or the elevator rearranged; therefore, its meaning is that this work had to be done within a reasonable time; and we concur in the conclusion of the circuit court that it was done within a reasonable time. Even if there were greater plausibility in appellant's contention, the evidence shows that before the year was out the work of rearranging the elevator had been wholly completed and that appellee's assignor had commenced to make preparation for the construction of the heating plant and some work had been done towards its completion. The contract for the installation of the heating plant was let by appellee after its purchase and before the first year of the lease had expired. The work was begun in the first part of September, 1911, and the plant completed and in operation in ample time for the second winter's heating. Such delay as occurred arose out of no fault of appellee or its assignor. The latter was forced into bankruptcy before the work of installing the heating plant could possibly be completed. The proceedings in bankruptcy temporarily suspended the work upon the heating plant. As soon as the sale of the

bankrupt's property and effects, including the leasehold, took place, the work of installing the heating plant was immediately taken up by appellee and prosecuted without delay until completed. Pending the bankruptcy proceedings both appellee and appellant were protected in their rights by the referee in bankruptcy, the trustee being required to pay the latter his rents as they became due, but with the reservation that appellee should not be prejudiced thereby, but would be allowed to later assert its claim to the $1,500.00 which the contract entitled it to demand out of the rent on the cost of the improvements it required to be made.

It is also apparent from the evidence that appellant himself made no claim that the clause of the lease referred to was a mere option, or that the improvements had to be completed within the first year of the lease, until after both the elevator and heating plant had been completed. On the contrary, the only complaint that came from him before the completion of the improvements was that the allowance of $1,500.00 out of the rent was not to be made until the heating plant had been installed and the elevator rearranged. It also appears from the evidence that appellant was in and upon the leased premises at various times while the work of installing the heating plant was going on and that he then did nothing to prevent the work or forewarn appellee of his contention thereafter to be made. We, therefore, conclude, as did the circuit court, that the construction attempted to be placed upon the clause of the lease in controversy by appellant's answer, is an afterthought; and that, if such had been his previous construction of it, good faith would have required him to have so informed appellee after it acquired the lease and before the work was done. Moreover, appellant has received and will yet enjoy whatever benefit may accrue to his property from the installation of the heating plant and the rearrangement of the elevator. For these improvements he agreed to allow $1,500.00 out of the rents, and it imposed no hardship upon him to compel him to make the allowance out of rent that accrued after the first year of the lease, instead of paying it out of the first year's rent. Appellee, by its purchase of the lease, acquired all the rights of the original lessee, the Globe Printing Company, one of which was the right to install the heating plant and complete the elevator and to

receive therefor the $1,500.00 agreed to be paid by the lessor, and this right the circuit judge properly enforced.

Being of the opinion that the circuit judge properly determined the rights of the parties, the judgment is affirmed.